UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CYNTHIA PUSEY VIGDOR; ROBERT VIGDOR; VANESSA KROMBEEN; VASHISTA KOKKIRALA; JESSICA HUCK; RICHARD SMITHSON; RONALD EASTER; and PROVIDENCE ANESTHESIOLOGY ASSOCIATES, P.A., on behalf of themselves and other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY; UNITEDHEALTHCARE OF NORTH CAROLINA, INC.; UMR, INC., UNITEDHEALTH GROUP INCORPORATED,<br><br>Defendants. | Case No. 3:21-cv-00517 |

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

Defendants UnitedHealthcare Insurance Company, UnitedHealthcare of North Carolina, Inc., UMR, Inc., and UnitedHealth Group Incorporated (collectively, "United") give notice under 28 U.S.C. §§ 1331, 1441, and 1446 that they have removed *Vigdor et al. v. UnitedHealthcare Insurance Co. et al.*, pending in the Superior Court Division for Mecklenburg County, North Carolina, Case No. 2021-cvs-13028 (the "State Court Action"), to the United States District Court for the Western District of North Carolina (Charlotte Division). *Vigdor* is removable under 28 U.S.C. § 1331 because the claims alleged by Providence Anesthesiology Associates, P.A., Cynthia Pusey Vigdor, Robert Vigdor, Vanessa Krombeen, Vashista Kokkirala, Jessica Huck, Richard Smithson, and Ronald Easter ("Plaintiffs") arise under and are completely preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et. seq.*

1

Case 3:21-cv-00517-MOC-DCK   Document 1   Filed 09/29/21   Page 1 of 7

("ERISA"). Because Plaintiffs assert claims arising under federal law, this Court has federal question jurisdiction under § 1331, and *Vigdor* is properly removable under § 1441(a).[1]

## BACKGROUND

1. Providence Anesthesiology Associates, P.A. ("Providence") was an anesthesia provider in United's network until March 2020. Compl. at p. 2. The remaining Patient Plaintiffs (Cynthia Pusey Vigdor, Robert Vigdor, Vanessa Krombeen, Vashista Kokkirala, Jessica Huck, Richard Smithson, and Ronald Easter) ("Patient Plaintiffs") are North Carolina residents "who have or have had health insurance provided by and through UHC." *Id.*

2. The Patient Plaintiffs claim that they received balance-bills from Providence for out-of-network services and that their United "health benefit plans and policies" have "refused to reimburse" them. *Id.* at p. 2; *see also id.* at ¶¶ 1–6, 19. Some Patient Plaintiffs allege that United has "refus[ed] to pay any" of their bills "for a covered procedure under [their] plan[s]." *See id.* at ¶¶ 39, 46.

3. The Complaint alleges that at least one of the applicable health benefit plans is an employer-sponsored welfare benefit plan. *See id.* ¶ 23 ("Mrs. Vigdor was insured through UHC via her husband, Plaintiff Robert Vigdor's, employer plan.") As such, Mrs. Vigdor's health plan is governed by ERISA. Based on United's review, the other Patient Plaintiffs also participate in ERISA-governed plans.

4. Providence alleges that it has "obtained assignment of benefit forms or the right to receive payment from Patient Plaintiffs" and that these forms "grant Providence the right to take

---

[1] A notice of removal must contain only "'a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)); *see also id.* ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

any actions necessary to recover payments" from United for covered services under the Patient Plaintiffs' plans. Compl. ¶ 7.

## FEDERAL QUESTION JURISDICTION

4. Plaintiffs assert two state-law claims against United: a violation of North Carolina's Unfair and Deceptive Trade Practices Act under N.C. Gen. Stat. § 75-1, *et seq.*, and a breach of contract claim. Compl. at pp. 23–24.

5. Although "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law," an exception to the rule exists "[w]hen a federal statute wholly displaces [a] state-law cause of action through complete pre-emption." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations omitted). "ERISA is one of these statutes." *Id.* at 208. ERISA's primary objective is to "provide a uniform regulatory regime over employee benefit plans." *Id.* To that end, the Supreme Court has recognized that Congress intended ERISA's comprehensive remedial scheme to occupy the field, providing for complete or super preemption of state law claims, even if no explicit federal claim is pleaded on the face of the complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67 (1987). Under ERISA, federal district courts have original jurisdiction over these completely preempted claims, irrespective of the amount in controversy or the citizenship of the parties. *See* 29 U.S.C. §§ 1132(e)(1) and (f); *see also* 28 U.S.C. § 1331.

6. Under the Supreme Court's two-part *Davila* test, ERISA completely preempts claims brought by "an individual, [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. Both *Davila* prongs are satisfied here.

7. Under the first prong, the Patient Plaintiffs are "participants" or "beneficiaries" in

ERISA-governed plans and are indisputably individuals who may bring ERISA claims. *See* 29 U.S.C. § 1132(a) ("participant[s]" or "beneficiar[ies]" seeking "to recover benefits" or "to enforce [their] rights under the terms of a plan" may bring an ERISA actions). Further, Plaintiffs' claims implicate coverage and benefit determinations at the heart of ERISA. *See* Compl. ¶¶ 39, 46 (some Patient Plaintiffs allege that United has "refus[ed] to pay any" of their bills "for a covered procedure under [their] plan[s]"); *id.* at ¶ 129(d) (alleging that United is "refusing to reimburse Plaintiffs for medical care").

8. To the extent Providence seeks to leverage an alleged assignment of benefits to recover benefits payments (Compl. ¶ 7), then it too is the type of party who may bring a claim under ERISA. *See Kearney v. Blue Cross & Blue Shield of N.C.*, 233 F. Supp. 3d 496, 503 (M.D.N.C. 2017) (healthcare providers—while not "participants" or "beneficiaries" with express standing under ERISA—"may acquire derivative standing to sue under ERISA if the provider secures a written assignment from a 'participant' or 'beneficiary' of that individual's right to payment of medical benefits") (citing *Gable Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1339 (11th Cir. 2015)).

9. *Davila*'s second prong is also satisfied. Neither of the Plaintiffs' claims presents an independent legal duty. *See Southern v. Wakemed*, No. 5:15-cv-35, 2015 U.S. Dist. LEXIS 149180, at *17–18 (E.D.N.C. April 21, 2015) (finding that a plaintiff's breach of contract claim was within § 502(a)'s scope because "[t]he rights guaranteed to plaintiff by his 'Health Benefits Plan,' including the rates at which plaintiff is to be charged for treatment, are derived from rights and obligations established by plaintiff's ERISA-governed healthcare plan").

10. Plaintiffs do not allege that United owed them any independent duty separate and apart from the health plans at issue. Plaintiffs' breach of contract claim is based on the Patient

Plaintiffs' "contract[s] with [United] for the provision of health insurance" and the "implied provisions of good faith and fair dealing" found in those contracts. Compl. ¶¶ 147, 149. To be clear: those "contracts" are the ERISA-governed healthcare plans. *See also Southern*, 2015 U.S. Dist. LEXIS 149180, at *21 ("An independent legal duty is not implicated if determination of defendant's liability requires examination of an ERISA-governed plan.").

11. The factual basis for Plaintiffs' claim under the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1) also relies on United's "provision of health insurance," and specifically, United's "refusing to pay or reimburse" Plaintiffs for medical care under these plans (Compl. ¶¶ 135, 142). Thus, determining United's liability turns only on an analysis of ERISA-governed healthcare plans at issue. *See Southern*, 2015 U.S. Dist. LEXIS 149180, at *21.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

12. On August 16, 2021, Plaintiffs initiated the State Court Action.

13. On September 1, 2021, counsel for United agreed to accept service of the Civil Summons and the Complaint and Jury Demand for all Defendants. A true and correct copy of all process, pleadings, and filings served upon United are attached as Exhibits A–F. *See* 28 U.S.C. § 1446(a).

14. Under Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty days after service of the State Court Action.

15. Venue is proper in this Court under 28 U.S.C. §§ 113(c), 1391, 1441(a), and 1446(a) because the Superior Court Division of Mecklenburg County, where the Complaint in the State Court Action was originally filed, is a state court within the Western District of North Carolina.

16. A copy of this Notice of Removal is being filed with the Clerk in the State Court Action and written notice is being sent to Plaintiffs' counsel in accordance with § 1446(d).

17. The prerequisites for removal under 28 U.S.C. § 1441 have therefore been met.

## CONCLUSION

18. Though framed as claims under North Carolina law, Plaintiffs' Complaint seeks, at its core, ERISA-governed benefits under § 502(a). This Court therefore has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Because Plaintiffs are the "type of party" who may bring ERISA claims that are within the scope of § 502(a) and involve no "other independent legal duty," both *Davila* prongs are satisfied and Plaintiffs' claims are completely preempted by ERISA.

19. United reserves the right to amend or supplement this Notice of Removal.

20. United reserves all defenses and counterclaims.

Respectfully submitted this the 29th day of September, 2021.

> */s/Emily C. McGowan*
> Emily C. McGowan
> N.C. State Bar No. 44543
> Alston & Bird LLP
> 101 S. Tryon Street, Suite 4000
> Charlotte, NC 28280
> Telephone: (704) 444-1027
> Facsimile: (704) 444-1100
> emily.mcgowan@alston.com
>
> Matthew P. McGuire
> N.C. State Bar No. 20048
> Alston & Bird LLP
> 555 Fayetteville Street, Suite 600
> Raleigh, NC 27601
> Telephone: (919) 862-2200
> Facsimile: (919) 862-2260
> matt.mcguire@alston.com
>
> *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on September 29, 2021, I electronically filed the foregoing **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION** with the Clerk of Court using the CM/ECF system. A copy of the same was served on counsel for Plaintiffs as indicated below:

<u>By Email and U.S. Mail</u>
J. Mitchell Armbruster
Grace A. Gregson
P.O. Box 2611
Raleigh, NC 27602-2611
marmbruster@smithlaw.com
ggregson@smithlaw.com

/s/ *Emily C. McGowan*
Emily C. McGowan

*Attorney for Defendants*