# EXHIBIT 1

2018 WL 3640405
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Tampa Division.

GULF-TO-BAY ANESTHESIOLOGY
ASSOCIATES, LLC, Plaintiff,
v.
UNITEDHEALTHCARE OF FLORIDA, INC., and
UnitedHealthcare Insurance Co., Defendants.

Case No.: 8:18-cv-233-EAK-AAS
|
Signed 07/20/2018

**Attorneys and Law Firms**

Alan David Lash, Justin C. Fineberg, Michael L. Ehren, Nicholas Andrew Ortiz, Lash & Goldberg, LLP, Michael David Ehrenstein, Ehrenstein|Sager, Miami, FL, for Plaintiff.

Daniel Alter, GrayRobinson, PA, Ft Lauderdale, FL, for Defendants.

## ORDER

ELIZABETH A. KOVACHEVICH, UNITED STATES DISTRICT JUDGE

 *1  Before the Court are (1) Plaintiff's motion to remand (Doc. 12), (2) Defendants' response in opposition (Doc. 15), (3) Plaintiff's reply (Doc. 19), and (4) Defendants' sur-reply (Doc. 22). The Court has carefully considered the parties' briefs, the relevant portions of the record, and the applicable law. Plaintiff's motion is **GRANTED**.

## I. Procedural Posture

Plaintiff, Gulf-to-Bay Anesthesiology Associates, LLC ("GTB"), commenced this case by filing a civil complaint (Doc. 2) in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on December 15, 2017. Defendant UnitedHealthcare Insurance Company ("UHIC") was served with process on December 27, 2017. UHIC timely filed its notice of removal (Doc. 1) with this Court on January 26, 2018. *See* 28 U.S.C. § 1446(b). Defendant UnitedHealthcare of Florida, Inc. ("UHF") filed its consent to removal (Doc. 3) the same day. UHIC argues that this Court has original jurisdiction over GTB's claims pursuant to 28 U.S.C. § 1331. GTB wholly disagrees and seeks remand.

## II. Facts [1]

OTB is a Tampa-based anesthesiology practice. (Doc. 1 at 19). UHF operates as a health maintenance organization. *Id.* at ¶3. UHIC operates as a life and health insurer. *Id.* at ¶4. Together, Defendants are one of the largest health benefit insurers and claims administrators in the country. *Id.* at ¶10. On May 20, 2003, OTB and Defendants entered into a participation agreement, which rendered OTB a so-called "in-network" provider. *Id.* at ¶11. Pursuant to the participation agreement, OTB agreed to a discounted rate for services it provided to Defendants' members in exchange for certain contracted benefits. *Id.* at ¶¶11–12. On May 21, 2017, the participation agreement terminated, and GTB became an "out-of-network" provider, meaning OTB no longer had an explicit contractual arrangement with Defendants outlining the terms of reimbursement for treatment provided to Defendants' members. *Id.* at ¶¶13–14. Despite its out-of-network status, however, OTB continued to provide anesthesiology services to Defendants' members. *Id.* at ¶15. Although Defendants reimbursed OTB for those services, OTB alleges that Defendants consistently failed to reimburse OTB at the full rate OTB is entitled to under Florida statutory and common law. *Id.* at ¶¶15-17. Specifically, as of October 2017, GTB alleges that it has been underpaid by more than $1.5 million on more than 1,700 patient encounters. As a result, GTB's complaint contains six state-law causes of action, alleging Defendants: (1) underpaid Plaintiffs for medically necessary anesthesiology services (Counts I and II); (2) breached an implied-in-fact contract (Count III); (3) failed to reimburse GTB for the fair value of the services GTB has rendered to Defendants' members (Count IV), and (4) were unjustly enriched (Count V)—all in violation of §§ 627.64194(4) and 641.513(5), Florida Statutes. *Id.* at ¶¶31–81. GTB is seeking damages in the amount of the alleged underpayment, pre- and post-judgment interest, an order declaring the rates at which Defendants must reimburse GTB, and an injunction compelling Defendants to reimburse GTB at those rates. *Id.* at ¶¶ 82–96 (Count VI), "WHEREFORE" clause.

## III. Legal Standard

 *2  "Under 28 U.S.C. § 1441(a) ... 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the

defendant' to federal court." *Stern v. Int'l Bus. Machines Corp.*, 326 F.3d 1367, 1370 (11th Cir. 2003). 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is commonly referred to as federal question jurisdiction. "In general, a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983) ). "The determination of whether federal question jurisdiction exists must be made on the face of the plaintiffs well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction." *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) ).

The removing defendant bears the burden of establishing the existence of federal question jurisdiction. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) ). "Removal statutes are narrowly construed; when the defendant and the plaintiff clash about jurisdiction, any uncertainties *must* be construed in favor of remand." *Tynes v. Buccaneers Ltd. P'ship*, 134 F. Supp. Case No.: 8:18-cv-233-EAK-AAS 3d 1351, 1355 (M.D. Fla. 2015) (emphasis added) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ).

**IV. Discussion**

UHIC asserts that several hundred of the more than 1,700 disputed payments involve six so-called "self-funded," "employee welfare benefit plans" subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* As a result, UHIC argues that complete federal preemption allows it to remove the case to this Court based on federal question jurisdiction. For its part, GTB counters that, because this case is about the *insufficiency of the rates* Defendants paid for GTB's services—a duty that GTB argues arises under Florida law independent of any ERISA plan's terms—not GTB's *right* to be paid for those services, complete federal preemption does not apply. The Court agrees with GTB.

As an initial matter, the Court's analysis must begin with a discussion of the perennial "well-pleaded complaint" rule. The well-pleaded complaint rule "holds that federal question jurisdiction over an action exists only when the plaintiffs claims, as stated in the complaint, arise under federal law notwithstanding any federal defenses." *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Fla., Inc.*, 258 F. Supp. 3d 1323, 1326–27 (S.D. Fla. 2017) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) ). GTB's complaint here alleges only state law claims, so there is no federal question jurisdiction under the well-pleaded complaint rule. "However, 'when a federal statute wholly displaces the state-law cause of action through complete preemption,' the state-law claim can be removed, because '[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.' " *Id.* (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ).

"ERISA is one of those federal statutes." *Id.* "Complete preemption is available under ERISA's civil enforcement mechanism, section 502(a) of the statute—a provision with such extraordinary preemptive power that it conve1is an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotations and citations omitted). Under section 502(a),

> **\*3** [a] civil action may be brought ...
> (1) by a participant or beneficiary ...
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § § 132(a)(l)(B) (alterations added). "A state law claim must fit within the civil enforcement provision to be completely preempted." *Hialeah*, 258 F. Supp. 3d at 1327 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ).

To determine whether a claim is preempted in this way, a court must engage in the two-part test set forth by the Supreme Court in *Aetna Health Inc. v. Davila. See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344–45 (11th Cir. 2009) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ). The Eleventh Circuit has described the proper two-part analysis under *Davila* as inquiring: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiffs claim." *Id.* at 1345. UHIC has the burden of proving that *Davila* 's two-part test has been

satisfied by a preponderance of the evidence. *See REVA, Inc. v. HealthKeepers, Inc.*, No. 17-24158-CIV, 2018 WL 3323817, at *4 (S.D. Fla. July 6, 2018).

"The first part of the *Davila* test 'is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA.'" *Hialeah*, 258 F. Supp. 3d at 1327 (quoting *Connecticut State Dental Ass'n*, 591 F.3d at 1350). As to the first requirement of this part, to address whether a claim falls within the "scope" of ERISA, the Eleventh Circuit has adopted a distinction between two types of claims: claims challenging the "rate of payment" pursuant to a provider-insurer agreement, and those challenging the "right to payment" under the terms of an ERJSA beneficiary's plan. *Connecticut State Dental Ass'n*, 591 F.3d at 1350; *see also Borrero v. United Healthcare of N. Y. Inc.*, 610 F.3d 1296, 1302 (11th Cir. 2010) ). An "agreement" between the provider and insurer need not be express—it can be implied-in-fact or implied-in-law, such as through application of the duties created under §§ 627.64194(4) and 641.513(5), Florida Statutes, and/or quasi-contract theories of liability. *See HealthKeepers, Inc.*, 2018 WL 3323817, at *4; *REVA, Inc. v. United Healthcare Ins. Co., et al.*, No. 17-24210-cv-Scola (D.E. 37) (S.D. Fla. June 11, 2018); *Hialeah*, 258 F. Supp. 3d at 1329; *Revoc. Vill. of Umatilla v. United Behavioral Health, Inc.*, No. 15-62374-cv-Zloch (D.E. 37) (S.D. Fla. 2016). " 'Claims involving only underpayment [i.e., the "rate of payment"] are not preempted,' while 'claims that were partially denied because coverage was not afforded for all the submitted procedures may be preempted.' " *Id.* (quoting *Connecticut State Dental Ass'n*, 591 F.3d at 1349–50) (alteration added); *see also Borrero*, 610 F.3d at 1302 ("[A] 'rate of payment' challenge does not necessarily implicate an ERISA plan, but a challenge to the 'right of payment' under an ERISA plan does.").

Here, the parties do not dispute that the anesthesiology services provided by GTB were covered by the members' plans, and that Defendants made payments to GTB for those services. Rather, the gist of GTB's complaint is that it was not *fully* compensated for those services pursuant to Florida law. The Court finds unavailing UHIC's attempt to recast through an ERISA lens GTB's entitlement to full payment for services rendered. Consequently, the Court finds that GTB's claims fall outside the scope of section 502(a) of ERISA, and no further analysis under *Davila* is necessary. *See HealthKeepers, Inc.*, 2018 WL 3323817, at *4 (remanding case after finding only that the defendant failed to meet the first requirement of the first prong of *Davila*); *orthopaedic Care Specialists, P.L. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 12-81148, 2013 WL 12095594, at *2 (S.D. Fla. Mar. 5, 2013) (same). In sum, UHIC has failed to meet its burden of establishing that federal question jurisdiction over GTB's claims exists.

V. **Conclusion**

*4 Accordingly, it is

**ORDERED** that Plaintiffs motion to remand (Doc. 12) is **GRANTED**. This case is remanded to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, with the parties bearing their respective fees and costs. [2] The Clerk is directed to close the case and terminate any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 20th day of July, 2018.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 3640405

---

**Footnotes**

| | |
|---|---|
| 1 | When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988); *see also Ten Taxpayer Citizens Grp. v. Cape Wind Assocs., LLC*, 373 F.3d 183, 186 ('st Cir. 2004) (citation omitted). |
| 2 | "Absent unusual circumstances, courts may award attorney's fees under [the removal statute] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (alteration added). And where such objectively reasonable basis exists, |

courts should deny the award of fees. *Id.* Despite the Court's finding that removal was improper, UHIC had an objectively reasonable basis to remove the action. Accordingly, GTB's request for attorney's fees is denied.

---

**End of Document**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.