# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>Defendants. | Civ No.: 5:20-cv-5094<br>Judge Joseph F. Leeson, Jr. |

**UNITED DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

claims were denied or reduced in accordance with the terms of the health plans, *e.g.*, terms governing the rate of payment for out-of-network providers, copayments, coinsurance, and deductibles. This Court should not allow the TeamHealth Pennsylvania Plaintiffs to shield their Motion to Remand from challenge with artful pleading.

### C. The TeamHealth Pennsylvania Plaintiffs Are Not Entitled to Costs or Fees

As the TeamHealth Pennsylvania Plaintiffs acknowledge (Mot. to Remand at 15), an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) is permissible "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A defendant lacks a reasonable basis to remove if "the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Conversely, a defendant has an objectively reasonable basis to remove an action if "at the time the notice of removal was filed, no circuit court of appeals ha[s] rejected [defendant's] argument." *Id.* Where "complex areas of federal jurisdiction law" are at issue, even if removal is ultimately held to be improper, the Third Circuit has held that an award under § 1447(c) is not appropriate. *See, e.g.*, *Inselberg v. N.Y. Football Giants, Inc.*, 661 F. App'x 776, 779 (3d Cir. 2016) (affirming denial of attorneys' fees and costs in matter concerning complex complete preemption issues under patent law).

The United Defendants had a meritorious and reasonable basis to remove this action to federal court. The TeamHealth Pennsylvania Plaintiffs have identified no circuit court decision that has rejected the United Defendants' position.[12] And as explained *supra* Section I, another district court

---

[12] The only circuit court decision that the TeamHealth Pennsylvania Plaintiffs rely upon, *New Jersey Carpenters and the Trustees Thereof v. Tishman Construction Corp. of New Jersey*, 760 F.3d 297 (3d Cir. 2014), held that claims brought under the New Jersey Prevailing Wage Act were not preempted by ERISA because that statute created an independent duty under state law. *Id.* at 303. This case has no application here because the Complaint does not assert claims under that statute.

19