UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-517-MOC-DCK

| | |
|---|---|
| CYNTHIA PUSEY VIGDOR, ) <br> RONALD EASTER, ROBERT VIGDOR, ) <br> VANESSA KROMBEEN, VASHISTA ) <br> KOKKIRALA, RICHARD SMITHSON, ) <br> JESSICA HUCK, and PROVIDENCE ) <br> ANESTHEOSIOLOGY ASSOCIATES, P.A., ) <br>  ) <br> **Plaintiffs,** ) <br> vs. ) <br>  ) <br> UNITEDHEALTHCARE INSURANCE ) <br> COMPANY, UNITEDHEALTHCARE OF ) <br> NORTH CAROLINA, INC., UNITEDHEALTH ) <br> GROUP INC., and UMR, INC., ) <br>  ) <br> **Defendants.** ) | **ORDER** |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") granting Plaintiffs' Motion to Remand (Doc. No. 33). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Defendants filed their objections within the time allowed. (Doc. No. 36). After careful consideration of the magistrate judge's recommendation, this Court will fully affirm the M&R and grant Plaintiffs' motion to remand.

   **I.   Background**

   Cynthia Pusey Vigdor, Robert Vigdor, Vanessa Krombeen, Vashista Kokkirala, Jessica Huck, Richard Smithson, and Ronald Easter (together the "Patient Plaintiffs"), and Providence Anesthesiology Associates, P.A. ("Providence") (collectively "Plaintiffs"), initiated this action by filing of a "Class Action Complaint" (Doc. No. 1-2) (the "Complaint") on August 16, 2021, in the Superior Court of Mecklenburg County, North Carolina, Case No. 2021 CVS 13028. The

1

Complaint names as the defendants UnitedHealthcare Insurance Company, UnitedHealthcare of North Carolina, Inc., UMR, Inc., and UnitedHealth Group, Inc. (collectively "Defendants" or "UHC").

Plaintiffs' Complaint asserts claims for: (1) violation of the North Carolina Patient Protection Act, N.C. GEN. STAT. § 58-3-200(d), as actionable under North Carolina's Unfair or Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1; and (2) breaches of contract by refusing to reimburse Patient Plaintiffs and other class members at a reasonable, fair rate. (Doc. No. 1-2, at 2, 24–27).

Defendants assert that this action is removable to this Court under 28 U.S.C. § 1331 because the alleged claims "arise under and are completely preempted by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA")." (Doc. No. 1 at 1). Defendants further assert that federal district courts have original jurisdiction over completely preempted claims and that venue is appropriate here since the lawsuit was removed from the Superior Court in Mecklenburg County, North Carolina. (Doc. No. 1 at 3–5) (citing 29 U.S.C. §§ 113(e)(1) and (f); 28 U.S.C. § 1331; and 28 U.S.C. §§ 113(c), 1391, 1441(a) and 1446(a)).

Soon after asserting federal jurisdiction and venue as appropriate, Defendants filed a motion to dismiss, seeking to "dismiss the Complaint in its entirety with prejudice." (Doc. No. 10). Defendants' motion to dismiss contends that there is no personal jurisdiction over two UHC Defendants; that Plaintiff Providence should be compelled to arbitration; and that all claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Id.

Plaintiffs subsequently filed a motion to remand this case to state court. (Doc. No. 19). Plaintiffs contend that this matter only alleges state law claims and is not preempted by ERISA,

and therefore, this Court lacks subject matter jurisdiction. Id. The magistrate judge issued an M&R granting Plaintiffs' Motion to Remand (Doc. No. 33). Defendants filed both factual and legal objections to the M&R.

## II. Standard of Review

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required "when a party makes general or conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, "the statute does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985).

## III. Discussion

A district judge is responsible for the final determination and outcome of this case. As the magistrate judge noted, this case presents a close call, and this Court has conducted a careful review of the magistrate judge's recommendation. After such careful review, this Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on these determinations, the Court will fully affirm the M&R and grant relief in accordance therewith.

Defendants make four objections to the M&R. First, Defendants claim that the M&R erred in its analysis of the complete preemption dispute. However, Defendants' argument that the dispute is a member-insurer dispute that arises solely from the members' ERISA-governed insurance contracts is a reiteration of the arguments already considered and rejected by the magistrate judge. Plaintiffs lodge their disagreement with the ultimate conclusions of the magistrate judge and rehash their earlier arguments in the process. "[M]erely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review" by the district court. North Carolina ex rel. Bishop v. Cnty. of Macon, 809 F. Supp. 2d 438, 442 (W.D.N.C. 2011), aff'd in part, vacated in part, remanded sub nom. Bishop v. Cnty. of Macon, 484 Fed. Appx. 753 (4th Cir. 2012); accord Betancourt v. Ace Ins. Co. of Puerto Rico, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) ("The objections presented, however, are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge."). Rather, the Court must review this objection only for clear error. Lesser v. TD Bank NA, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020) ("To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error."). Here, the magistrate judge did not commit clear error in ruling that Plaintiffs' claims are not preempted. Therefore, this objection is rejected.

Second, Defendants argue that the M&R incorrectly compares this case to "rate of payment cases." However, as the M&R noted, "the crux of this case is a dispute about 'rate of payment.'" (Doc. No. 33 at 11). According to Plaintiffs, Defendants did not reimburse them at a reasonable rate for medical care they received from out-of-network providers, such as Providence, and that this inadequate rate of reimbursement violates North Carolina state law.

4

(Doc. No. 1-2 at 24–25). Indeed, this same conduct underlies many of the rate of payment cases the magistrate judge referred to in the M&R. See, e.g., Freemont Emergency Servs. (Mandavia), Ltd. v. UnitedHealth Grp., Inc., 446, F. Supp. 3d 700 (D. Nev. 2020); Lone Star OB/GYN Assocs. v. Aetna Health, Inc., 579 F.3d 525 (5th Cir. 2009). For this reason, the Court finds the M&R's comparison convincing and rejects Defendants' second objection.

Third, Defendants claim that the North Carolina Patient Protection Act does not provide a private cause of action. However, Plaintiffs do not argue that the North Carolina Patient Protection Act provides a private cause of action. Rather, Plaintiffs argue that a violation of the North Carolina Patient Protection Act is actionable under North Carolina's Unfair or Deceptive Trade Practices Act. Therefore, this objection does not cut in Defendants' favor.

Lastly, Defendants suggest that the magistrate judge incorrectly relied on a presumption against removal. However, this Court finds that the magistrate judge reasonably relied on a presumption against removal. When it appears a case should not be removed after applying prevailing law to a factual background, but some doubt remains, it is correct to rely on the principle that such doubt–regardless of whether it is a complete preemption case–should be resolved in favor of remand. See Wolfe FA, LLC v. Bula Def. Sys., Inc., LLC, No. 1:19-CV-124-MR, 2019 WL 3783308, at *2 (W.D.N.C. Aug. 12, 2019).

Thus, the Court overrules Defendants' objections, and the Court will affirm the magistrate judge's M&R.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 19) is **GRANTED**, Defendants' Objections, (Doc. No. 36), are **OVERRULED**, and the Memorandum and Recommendation (Doc. No. 33) is **AFFIRMED**. In accordance with

5

the Memorandum and Recommendation, this matter is remanded to state court. Finally, since the action is being remanded, the Motion to Dismiss, (Doc. No. 10), shall be terminated as moot.

Max O. Cogburn Jr
United States District Judge

Signed: November 18,